

# Fourth Court of Appeals
## San Antonio, Texas

July 7, 2015

No. 04-15-00287-CV

Cecil **ADAMS** and Maxine Adams,
Appellants

v.

**HARRIS COUNTY**, Rebecca Ross, Kathleen Keese and Christopher A. Prine, Clerk of the
Court,
Appellees

From the 269th District Court, Harris County, Texas
Trial Court No. 2014-35653
Honorable Dan Hinde, Judge Presiding

## O R D E R

Before the Court is Appellants' Cecil Adams and Maxine Adams' Emergency Motion for Review of Orders. Prior to the appeal in this case, Maxine Adams filed a previous appeal against Court Reporter Rebecca Ross in the First Court of Appeals. On March , 2014, the First Court of Appeals issued judgment dismissing the appeal and assessing costs because Adams failed to prosecute her appeal. On April 4, 2014, the First Court of Appeals issued a mandate to the 269th District Court to collect the assessed costs from Adams and, if any amount is collected, requiring the trial court clerk to remit this amount to the Clerk of the First Court of Appeals.

The Adams then filed suit against Harris County, the clerks of the district court and of the appellate court and a court reporter to assert claims pertaining to the trial court's enforcement of the appellate court's judgment and mandate. In this second action, the trial court granted the defendants' plea to the jurisdiction based upon quasi-judicial immunity and ordered the Adams' claims be dismissed with prejudice. The 296th District Court also denied the Adams' motion to dismiss Harris County's interpleader suit. The Adams then filed the immediate pending appeal of the trial court's orders granting the plea to the jurisdiction and denying their motion to dismiss.

The 269th District Court then transferred the underlying enforcement proceeding to the 190th District Court. The Adams now file this "Emergency Motion for Review of Orders" pursuant to Texas Rule of Appellate Procedure 29.6. In this motion, the Adams request this Court "review" the order of the 269th District Court transferring the action to enforce the

appellate court's mandate to the 190th District Court and issue an order of immediate stay of the trial court enforcement proceedings until this Court has reviewed the plea to the jurisdiction.

Rule of Appellate Procedure 29.6 provides that while an appeal from an interlocutory order is pending, on a party's motion, the appellate court may review: (1) a further appealable interlocutory order concerning the same subject matter; or (2) any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal. TEX. R. APP. P. 29.6.

In this emergency motion, the Adams fail to state or show how the trial court's transfer order concerns the same subject matter as the pending interlocutory appeal or how the transfer order interferes with or impairs the relief sought or that may be granted on appeal. Appellants argue on appeal the trial court erred by granting the plea to the jurisdiction and denying their own motion to dismiss an interpleader action. The trial court's order transferring the enforcement proceedings to a different court does not involve the same subject matter, nor does it interfere with any relief that may be awarded Appellants' on appeal. Therefore, this Court may not review the trial court's transfer order pursuant to Appellate Rule 29.6. Further, pursuant to Rule of Appellate Procedure 29.6, this Court may only review an interlocutory order. This Court may not issue a stay of the enforcement proceedings pending appellate review.

For these reasons, the Adams' Emergency Motion for Review of Orders is denied.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of July, 2015.

_____
Keith E. Hottle
Clerk of Court